UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TROY NORTON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br> vs.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>   Defendant. | Case No.: 19-cv-1169<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Troy Norton is an individual who resides in the Eastern District of Wisconsin.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plainitff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Transworld Systems, Inc. ("TSI" or "Defendant") is a debt collection agency with its principal offices located at 150 North Field Drive, Suite 200, Lake Forest, Illinois 60045.

6. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. Defendant is licensed as a "Collection Agency" by the Division of Banking in the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

9. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *August 15, 2018 Letter*

10. On or about August 15, 2018, Defendant mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Defendant to attempt to collect alleged debts.

13. Upon information and belief, the alleged debt to which <u>Exhibit A</u> refers was incurred for personal, family, or household purposes.

14. Upon information and belief, <u>Exhibit A</u> was the first written communication that Defendant mailed to Plaintiff regarding the alleged debt referenced in <u>Exhibit A</u>.

15. Exhibit A contains language that largely reflects the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g(a), requires the debt collector mail the consumer along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

16. The header in Exhibit A contains the following:

> CREDITOR: Oral & Maxillofacial Surgery
> ACCT #: ████████0230
> CLIENT REF: ████
> BALANCE DUE: $701.90

Exhibit A.

17. Exhibit A also contains the following:

> Please send payment to:
> Oral & Maxillofacial Surgery
> Consultants of WI
> 4811 S 76th St, #304
> Greenfield WI 53220
>
> Our Client's Phone:
> 414-281-3344

Exhibit A.

18. Exhibit A also contains a remittance slip, which contains the following:

> MAKE CHECK OR MONEY ORDER PAYABLE TO -
> Oral & Maxillofacial Surgery
> Please see reverse for additional payment options
>
> Oral & Maxillofacial Surgery
> Consultants of WI
> 4811 S 76th St, #304
> Greenfield WI 53220
>
> 1    $701.90

Exhibit A.

*September 12, 2018 Letter*

19. On or about September 12, 2018, Defendant mailed another debt collection letter to Plaintiff regarding the same alleged debt referenced in Exhibit A. A copy of this letter is attached to this complaint as Exhibit B.

20. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Upon information and belief, Exhibit B is a form debt collection letter used by Defendant to attempt to collect alleged debts.

22. Upon information and belief, Exhibit B is a form "follow-up" debt collection letter used by Defendant to attempt to collect alleged debts.

23. The header in Exhibit B contains the following:

```
CREDITOR: Oral & Maxillofacial Surgery
ACCT #:              0230
CLIENT REF:
BALANCE DUE:   $701.90
```

Exhibit B.

24. Exhibit B also contains the following:

```
Please send payment to:
Oral & Maxillofacial Surgery
Consultants of WI
4811 S 76th St, #304
Greenfield WI 53220

Our Client's Phone:
414-281-3344
```

Exhibit B.

25. Exhibit B also contains a remittance slip, which contains the following:

4

```
                MAKE CHECK OR MONEY ORDER PAYABLE TO -           102187-T086-AC-2784
                        Oral & Maxillofacial Surgery
                   Please see reverse for additional payment options

    Oral & Maxillofacial Surgery
    Consultants of WI
    4811 S 76th St. #304
    Greenfield WI 53220
    |.|.|..||..|.|..||.|||..|.|.|                                    3    $701.90
```

Exhibit B.

### *October 10, 2018 Letter*

26.     On or about October 10, 2018, Defendant mailed another debt collection letter to Plaintiff regarding the same alleged debt referenced in Exhibits A and B. A copy of this letter is attached to this complaint as Exhibit C.

27.     Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

28.     Upon information and belief, Exhibit C is a form debt collection letter used by Defendant to attempt to collect alleged debts.

29.     Upon information and belief, Exhibit C is a form "follow-up" debt collection letter used by Defendant to attempt to collect alleged debts.

30.     The header in Exhibit C contains the following:

```
CREDITOR: Greater Milwaukee Oral
ACCT #:              0230
CLIENT REF:
BALANCE DUE:  $701.90
```

Exhibit C.

31.     Exhibit C also contains the following:

```
Please send payment to:                            Our Client's Phone:
Greater Milwaukee Oral                             414-281-3344
Surgery, LLC
4811 S 76th St, #304
Greenfield WI 53220
```

5

Exhibit C.

32. Exhibit C also contains a remittance slip, which contains the following:

```
                                                              102187-T089-AC-759
           MAKE CHECK OR MONEY ORDER PAYABLE TO -
                    Greater Milwaukee Oral
           Please see reverse for additional payment options

Greater Milwaukee Oral
Surgery, LLC
4811 S 76th St. #304
Greenfield WI 53220
|·|·|···||···|·|·|·|·|||···|·|·|                          5      $701.90
```

Exhibit C.

33. Taken together, Exhibits A-C are contradictory and inconsistent, and inherently confusing and misleading as to the name of the creditor to whom the alleged debt referenced in Exhibits A-C is owed.

34. Exhibits A and B state that the name of the creditor is "Oral & Maxillofacial Surgery Consultants of WI" but Exhibit C states that the name of the creditor is "Greater Milwaukee Oral Surgery, LLC."

35. Oral and Maxillofacial Surgery Consultants of Wisconsin, S.C. ("OMSCW") and Greater Milwaukee Oral Surgery, LLC ("GMOS") are two distinct business entities.

36. On the face of Exhibits A-C, it is impossible to tell which entity Plaintiff is supposed to pay.

37. The unsophisticated consumer receiving Exhibit A would be confused or misled as to the entity to whom the debt referenced in Exhibit A was owed.

38. Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos*, 825 F.3d at 324-25; *Taylor v. Alltran Fin., LP*, No. 18-cv-306-JMS-MJD, 2018 U.S. Dist. LEXIS 159862, at *6 (S.D. Ind. Sept. 19, 2018).

6

39. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz,* 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

40. Plaintiff read Exhibits A-C.

41. Plaintiff was confused and misled by Exhibits A-C.

42. The unsophisticated consumer would be confused and misled by Exhibits A-C.

43. Plaintiff had to spend time and money investigating Exhibits A-C, and the consequences of any potential responses to Exhibits A-C.

7

44. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-C.

### *The FDCPA*

45. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med.*

*Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

46. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

9

Case 2:19-cv-01169-LA   Filed 08/14/19   Page 9 of 16   Document 1

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

47. Plaintiffs who allege that debt collectors engaged in misrepresentations in their dunning letters have standing, as such misrepresentations risk injury to interests expressly protected by Congress in the FDCPA. *See Untershine v. Encore Receivable Mgmt.*, No. 18-CV-1484, 2019 U.S. Dist. LEXIS 134377 *8-9 (E.D. Wis. Aug. 9, 2019) ("Protecting consumers from misinformation is one of the 'concrete interest[s] that Congress sought to protect,' under the FDCPA. If a consumer is misinformed, rather than merely uninformed, the risk of harm is greater.") (internal citations omitted); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause

consumers to make incorrect decisions about their finances or make payments to incorrect parties.

48. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

49. To satisfy § 1692g(a)(2), the debt collector must state the name of the creditor in a non-confusing manner:

> The recipients of these letters would therefore find themselves obliged to guess who currently owned the debts in question. Since the name was on the letters, some might correctly guess that Asset Acceptance was the current creditor, but a lucky guess would have nothing to do with any disclosure the letters provided. Compliance with the clear requirements of § 1692g(a)(2) demands more.

*Janetos*, 825 F.3d at 323.

50. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), Defendants' omission is a material violation of the FDCPA.

51. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(A). *Janetos*, 825 F.3d at 324 ("Knowing the current creditor 'potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied.") (quoting *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013).

11

52. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

54. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### *The WCA*

55. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

56. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

57. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

58. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

59. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides

injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

60. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

61. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

62. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

63. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

64. The Wisconsin Department of Financial Institutions has found that a licensed collection agency engages in conduct that can reasonably be expected to threaten or harass debtors when it violates the FDCPA. Wis. Admin. Code § DFI-Bkg. 74.16(9).

13

Case 2:19-cv-01169-LA    Filed 08/14/19    Page 13 of 16    Document 1

## COUNT I – FDCPA

65. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. <u>Exhibits A-C</u> are misleading and confusing as to the name of the creditor to whom the debt is owed.

67. <u>Exhibits A-C</u> contain contradictory and inconsistent account information, which is inherently misleading and confusing to the unsophisticated consumer.

68. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g(a)(2).

## COUNT II – WCA

69. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

70. Defendant is licensed as a "Collection Agency" by the Division of Banking in the Wisconsin Department of Financial Institutions.

71. <u>Exhibits A-C</u> violate the FDCPA.

72. Defendant violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## CLASS ALLEGATIONS

73. Plaintiff brings this action on behalf of a class consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent one or more collection letters by Defendant stating that the "Creditor" was "Oral & Maxillofacial Surgery," (c) and subsequently sent one or more collection letters by Defendant stating that the "Creditor" was "Greater Milwaukee Oral," (d) where the letters were mailed regarding the same alleged debt (e) incurred for personal, family or household purposes, (f) and the final letter in the series was mailed between August 14, 2018 and August 14, 2019, inclusive, (g) and none of the letters were returned by the postal service.

74. The Class is so numerous that joinder is impracticable.

75. Upon information and belief, there are more than 50 members of the Class.

76. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and WCA.

77. Plaintiff's claims are typical of the claims of the members of each Class. All are based on the same factual and legal theories.

78. Plaintiff will fairly and adequately represent the interests of the members of each Class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

79. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

80. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 14, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)

Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com